FLETCHER, ADMR., APPELLEE, *v.* UNIVERSITY HOSPITALS
OF CLEVELAND ET AL., APPELLANTS.

[Cite as *Fletcher v. Univ. Hosps. of Cleveland,*
120 Ohio St.3d 167, 2008-Ohio-5379.]

(No. 2007–1529—Submitted September 30, 2008—Decided October 23, 2008.)

**O'CONNOR, J.**

{¶ 1} The issue before us in this case is one of first impression, wherein we must decide the appropriate procedural steps a defendant must undertake when a plaintiff who brings a medical claim fails to attach an affidavit of merit to the complaint as required by Civ.R. 10(D)(2).

{¶ 2} Plaintiff-appellee, Monica Fletcher, would have us find that appellants in this matter should have filed a motion for more definite statement under Civ.R. 12(E). Conversely, defendants-appellants University Hospitals of Cleveland and Dr. Raymond Onders argue that a motion for failure to state a claim upon which relief can be granted, filed under Civ.R. 12(B)(6), is the correct response.

{¶ 3} For the following reasons, we hold that the proper response to the failure to file the affidavit required by Civ.R. 10(D)(2) is a motion to dismiss filed under Civ.R. 12(B)(6). We further hold that a dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice. Accordingly, we reverse the judgment of the court of appeals.

## I.  Relevant Background

{¶ 4} Fletcher originally filed this action, individually and as administrator of the estate of Victor Shaw, in 2003 in the Mahoning County Court of Common Pleas. Fletcher's complaint alleged, among other things, wrongful death and medical malpractice, claiming that the medical care appellants had provided to Shaw was negligent and substandard, resulting in Shaw's death. Eventually,

Fletcher voluntarily dismissed the case without prejudice and refiled it a year later in the Cuyahoga County Court of Common Pleas.

{¶ 5} By this time, Civ.R. 10(D)(2) had been adopted. The 2005 amendment to Civ.R. 10(D) requires that every complaint containing a medical claim as defined in R.C. 2305.113 must be accompanied by an affidavit of merit. The affidavit must be from an expert qualified under Evid.R. 601(D) and 702 and must include statements that the affiant (1) "has reviewed all medical records reasonably available," (2) "is familiar with the applicable standard of care," and (3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. Fletcher's complaint, however, lacked the required affidavit.

{¶ 6} Subsequently, University Hospitals filed a motion to dismiss Fletcher's complaint for failure to state a claim under Civ.R. 12(B)(6).[1] Without issuing an opinion, the trial court granted the motion and dismissed the case with prejudice.

{¶ 7} Fletcher appealed the judgment to the Eighth District Court of Appeals. In particular, Fletcher argued that she did not need to file an affidavit of merit with respect to her wrongful-death claim because that claim is not a "medical claim." Although the court of appeals rejected Fletcher's argument that a wrongful-death claim does not require an affidavit of merit, the court reversed the dismissal, holding that "the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement." *Fletcher v. Univ. Hosps. of Cleveland,* 172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365, ¶ 9.

{¶ 8} Subsequently, appellants appealed to this court, and we accepted jurisdiction. *Fletcher v. Univ. Hosps. of Cleveland,* 116 Ohio St.3d 1455, 2007-Ohio-6803, 878 N.E.2d 32.

## II. Analysis

{¶ 9} The sole issue for our consideration is whether a plaintiff's failure to attach an affidavit of merit to a complaint containing a medical claim[2] subjects the complaint to dismissal under Civ.R. 12(B)(6). As mentioned above, the affidavit of merit that is to accompany the complaint requires several averments that go to the validity of the medical claim.

---

1. We note that appellant Onders was not served and did not move for dismissal. However, Fletcher never objected to this omission and failed to preserve the argument in the lower court that the trial court should not have dismissed the case against Onders on this basis. As a result, Fletcher has forfeited the ability to make this argument. *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 278, 611 N.E.2d 830.

2. Fletcher did not cross-appeal the appellate court's ruling that her wrongful-death claim requires an affidavit, so that issue is not before us.

{¶ 10} Clearly, the purpose behind the rule is to deter the filing of frivolous medical-malpractice claims. The rule is designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court. To further this end, Civ.R. 10(D)(2)(c)[3] expressly made it clear that the affidavit is necessary in order to "establish the adequacy of the complaint."

{¶ 11} The inclusion of this language distinguishes Civ.R. 10(D)(2) from Civ.R. 10(D)(1). Under the latter, any claim that is based on an account or written instrument must have a copy of the account or written instrument attached to the pleading. Notably, Civ.R. 10(D)(1) ends at that point. Because there is no language in Civ.R. 10(D)(1) that the account or written instrument is required to establish the adequacy of the complaint, any failure to attach the required copies is properly addressed by a motion for a more definite statement under Civ.R. 12(E). In short, a party can still plead a prima facie case in such circumstances even without attaching the account or written agreement to the complaint. Thus, the complaint will survive a motion to dismiss for failure to state a claim. *Point Rental Co. v. Posani* (1976), 52 Ohio App.2d 183, 185–186, 6 O.O.3d 171, 368 N.E.2d 1267.

{¶ 12} This is a distinction with a difference between these two subsections of Civ.R. 10. Although Ohio generally is a notice-pleading state, our precedent and the Civil Rules have routinely imposed a heightened pleading burden on plaintiffs where policy considerations so warrant. See, e.g., *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 61, 565 N.E.2d 584 (negligent-hiring claim against a religious institution); *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, syllabus (employer intentional-tort claim); Civ.R. 9(B) (claims of fraud or mistake). In fact, the very purpose of Civ.R. 10(D)(2) is to place a heightened pleading requirement on parties bringing medical claims.

{¶ 13} Because the heightened standard imposed by the explicit text of Civ.R. 10(D)(2)(c), now (d), goes directly to the sufficiency of the complaint, a motion to dismiss for failure to state a claim upon which relief can be granted is the proper remedy when the plaintiff fails to include an affidavit of merit. See *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378 ("A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint").

{¶ 14} Appellants properly sought dismissal under Civ.R. 12(B)(6) because when a plaintiff is under a heightened pleading requirement due to important policy considerations warranting a limitation on the number of claims, the plaintiff cannot survive a motion to dismiss "through the mere incantation of an

---

3. The rule has since been amended, and the cited language is now contained in Civ.R. 10(D)(2)(d).

abstract legal standard." *Byrd*, 57 Ohio St.3d at 60, 565 N.E.2d 584. Thus, when we apply the standard of review for motions to dismiss, in the absence of an affidavit of merit, we are left only with the complaint, which contains Fletcher's mere conclusions that appellants committed malpractice. These unsupported conclusions "are not taken as admitted by a [Civ.R. 12(B)(6)] motion to dismiss and are not sufficient to withstand such a motion." *Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753.

{¶ 15} Therefore, the trial court correctly dismissed the case because, without the accompanying affidavit, Fletcher's complaint did not plead a claim upon which she could be granted relief.

{¶ 16} Notwithstanding the appropriateness of the dismissal, the trial court erred in dismissing the case with prejudice. A dismissal with prejudice operates as an adjudication on the merits. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 225, 680 N.E.2d 997, fn. 2. It is axiomatic, then, that a dismissal otherwise than on the merits should be without prejudice. *Id.*

{¶ 17} Applying these maxims to a motion to dismiss for failure to state a claim, we reiterate that such a motion is a procedural tool testing the sufficiency of the complaint. *Hanson*, 65 Ohio St.3d at 548, 605 N.E.2d 378. To put this in concrete terms, a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way. *Collins v. Natl. City Bank*, 2d Dist. No. 19884, 2003-Ohio-6893, 2003 WL 22971874, ¶ 51 ("An order of dismissal entered pursuant to Civ.R. 12(B)(6) is an adjudication on the merits of the issue the rule presents, which is whether a pleading put before the court states a claim for relief. It does not adjudicate the merits of the claim itself, unless it can be pleaded in no other way").

{¶ 18} In this particular case, the dismissal was not on the merits of Fletcher's claim. Instead, it merely went towards the sufficiency of the complaint—namely, the complaint's failure to include an affidavit of merit. Thus, the dismissal should have been without prejudice.

{¶ 19} Hypothetically, when a medical claim is dismissed for want of an affidavit of merit, that problem could be rectified in a refiling simply by including the requisite affidavit. However, if a case was dismissed with prejudice on its first filing for failure to comply with Civ.R. 10(D)(2), then that plaintiff would be foreclosed from seeking relief despite the fact that the plaintiff might very well be able to obtain an affidavit of merit for purposes of refiling.[4]

---

4. Presumably, the trial court ordered the dismissal with prejudice as a result of the case's having already been refiled once under R.C. 2305.19, the saving statute. In the event that Fletcher chooses to file the action a third time, then at that point, the parties may raise the saving-statute issue along with any other applicable Civil Rules or statutes, as they see fit.

{¶ 20} Because courts are to construe the Civil Rules to achieve a just result, Civ.R. 1(B), *LaNeve v. Atlas Recycling, Inc.,* 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 21, and for the reasons outlined above, a dismissal for failure to comply with Civ.R. 10(D)(2) is without prejudice because it is an adjudication otherwise than on the merits.

### III. Conclusion

{¶ 21} For the foregoing reasons, we hold that the proper response to a failure to comply with Civ.R. 10(D)(2) is a motion to dismiss filed under Civ.R. 12(B)(6). However, a dismissal for failure to comply with Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice.

{¶ 22} Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court to enter an order dismissing the case without prejudice.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

---

Thomas J. Travers Jr., for appellee.

Norchi, Barrett & Forbes, L.L.C., Kevin M. Norchi, and Michael L. Golding, for appellant University Hospitals of Cleveland.

Sutter, O'Connell & Farchione Co., L.P.A., Christina J. Marshall, and John V. Jackson II, for appellant Raymond Onders, M.D.

Tucker, Ellis & West, L.L.P., and Irene C. Keyse–Walker, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Bricker & Eckler, L.L.P., and Anne Marie Sferra, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.