[Cite as *Ballreich Bros., Inc. v. Criblez*, 2010-Ohio-3263.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

**BALLREICH BROS., INC**

      **Plaintiff-Appellee**                         **App. Case No. 05-09-36**

**v.**

**ROGER J. CRIBLEZ, et al.**

      **Defendants/Third-party Plaintiffs/Appellants**

                                          **O P I N I O N**

**v.**

**EASTMAN & SMITH, LTD, et al.**

      **Third-Party Defendants/Appellees**

---

**Appeal from Hancock County Common Pleas Court**
**Trial Court Case No. 2009-CV-184**

**Judgment Affirmed in Part, Reversed in Part and**
**Cause Remanded**

**Date of Decision: July 12, 2010**

---

**APPEARANCES:**

    *Alton L. Stephens,* Monica A. Sansalone and Jeffrey D. Stupp,
        for Third-Party Defendants/Appellees Eastman & Smith,
        LTD and Gary M. Harden
    *Richard G. Witkowski and Nicholas J. Dertouzos,*
        for Third-Party Plaintiffs-Appellants, Roger J. Criblez and

**Pry CPA Services, LLC**

**BROGAN, J.**

{¶1} Pry CPA Services, LLC (Pry), and Roger Criblez appeal from the trial court's Civ.R. 12(B)(6) dismissal of their third-party complaint against third-party defendants Eastman & Smith, Ltd. (Eastman), and Gary Harden.

{¶2} Pry and Criblez advance two assignments of error on appeal. First, they contend the trial court erred in dismissing their third-party complaint "on the merits with prejudice." Second, they claim the trial court erred in finding that their third-party complaint failed to state a claim for contribution among joint tortfeasors.

{¶3} The record reflects that Ballreich Brothers, Inc. (Ballreich), commenced the present action against Pry and Criblez, who is one of Pry's accountants, in March 2009, alleging professional malpractice (count one), breach of fiduciary duty (count two), and intentional, fraudulent misconduct (count three) based on the untimely filing of an amended tax return and an attempted cover up. Pry and Criblez filed a third-party complaint against Eastman and Harden, who is one of the law firm's attorneys. The third-party complaint alleged that Harden had provided "incorrect" legal and tax advice to Ballreich. The third-party complaint further alleged that this incorrect advice was the sole cause or a contributing cause of the damages suffered by Ballreich. As

a result, Pry and Criblez sought contribution from Eastman and Harden.[1]

{¶4} Eastman and Harden subsequently moved to dismiss the third-party complaint under Civ.R. 12(B)(6). They raised several arguments in support. First, they asserted that the "economic-loss rule" precluded contribution. Second, they argued that a lack of contractual privity between Eastman/Harden and Pry/Criblez precluded contribution. Third, they claimed that contribution was unavailable under R.C. 2307.25, which provides for contribution among joint tortfeasors for an "injury or loss to person or property[.]" Fourth, they maintained that the third-party complaint was improper under Civ.R. 14 because the allegations against Eastman and Harden were not derivative of Ballreich's allegations against Pry and Criblez.

{¶5} In October 2009, the trial court sustained the Civ.R. 12(B)(6) motion filed by Eastman and Harden. In so doing, the trial court rejected their argument based on the economic-loss rule. It also rejected their arguments that a lack of contractual privity barred contribution, that contribution was unavailable under R.C. 2307.25, and that the third-party complaint was improper under Civ.R. 14. Despite rejecting these arguments, the trial court nevertheless concluded that contribution was unavailable insofar as Ballreich alleged a breach of fiduciary duty (count two) and fraudulent misconduct (count three). The trial

---

[1]The third-party complaint also sought contribution from another third-party defendant, Automatic Data Processing, Inc. (ADP). The trial court overruled a Civ.R. 12(B)(6) motion to dismiss the contribution claim against ADP. That ruling is not before us on appeal.

court held that these counts alleged intentional torts for which no right of contribution existed. Finally, with regard to Ballreich's allegation of professional malpractice based on negligence (count one), the trial court found that Pry and Criblez inadequately had pled a claim for contribution against Eastman and Harden. The trial court reasoned as follows:

**{¶6}** "* * * The sole allegation [in the third-party complaint] as to the tortious conduct of the attorneys-third party defendants is that their advice to Ballreich Bros. was 'incorrect,' not that it was negligently presented, not that it fell below the legal standards, not that the attorneys breached any duty to their client Ballreich Bros. Even under a liberal construction, see Ohio R.Civ.P. 8, the pleading fails to set forth against the attorneys a claim of breach of duty to the plaintiff. A statement that advice was incorrect is insufficient to state a cause of action for an attorney's negligence or malpractice in the attorney-client relationship. In the absence of negligent representation or other malpractice, the attorneys cannot be joint tortfeasors from whom contribution may be allowed."[2]

**{¶7}** As a result, the trial court sustained the Civ.R. 12(B)(6) motion filed by Eastman and Harden, entered final judgment as to the third-party complaint against them, and included Civ.R. 54(B) certification. This appeal followed.

---

[2]Although the Civ.R. 12(B)(6) motion alleged various deficiencies in the third-party complaint, it does not appear that Eastman and Harden actually moved to dismiss on the basis that the allegation of "incorrect advice" failed to state a claim. Pry and Criblez mention this fact in their appellate brief, but they present no assignment of error challenging the trial court's ability to dismiss their complaint on grounds not specifically raised by the movants. As set forth above, Pry and Criblez argue only (1) that the dismissal should have been without prejudice and (2) that the third-party complaint did state a claim.

{¶8} In their first assignment of error, Pry and Criblez contend the trial court erred in dismissing their third-party complaint "on the merits with prejudice."[3] They argue that a dismissal under Civ.R. 12(B)(6) is procedural in nature, tests the sufficiency of the complaint, and is not a judgment on the merits. They insist that the trial court's dismissal under Civ.R. 12(B)(6) should have been without prejudice to refiling a new complaint. In response, Eastman and Harden contend Pry and Criblez should have utilized Civ.R. 15(A) to amend their complaint and cure any pleading deficiencies before the trial court entered a Civ.R. 12(B)(6) dismissal. Eastman and Harden further contend Pry and Criblez have not cited any applicable case law to support their argument that the trial court's dismissal should have been without prejudice.

{¶9} We review a decision sustaining a Civ.R. 12(B)(6) motion de novo. *Smith v. Ohio Adult Parole Auth.*, Champaign App. No. 2009 CA 22, 2010-Ohio-1131, ¶35. "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. * * * The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable

---

[3]While the trial court's ruling did not specify whether the dismissal was with prejudice, "[a] trial court's silence as to the effect of a dismissal is treated as a ruling that the dismissal is with prejudice." *Parker v. Giant Eagle, Inc.*, Mahoning App. No. 01 CA 174, 2002-Ohio-5212, ¶37, citing Civ.R.41(B)(3).

inferences in favor of the plaintiff." *Grover v. Bartsch,* 170 Ohio App.3d 188, 2006-Ohio-6115, ¶16 (citations omitted).

{¶10} In *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, the Ohio Supreme Court discussed when a dismissal under Civ.R. 12(B)(6) is an adjudication other than on the merits and, thus, without prejudice. It first recognized that a motion to dismiss for failure to state a claim "is a procedural tool testing the sufficiency of the complaint." Id. at 171. It then concluded that a "dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." Id. Thus, when a trial court enters an order of dismissal for failure to state a claim and the deficiency at issue can be cured by pleading in another way, the dismissal should be without prejudice. Id. at 171-172.

{¶11} In the present case, the trial court properly dismissed the third-party complaint with prejudice insofar as it sought contribution from Eastman and Harden on Ballreich's claims for breach of fiduciary duty (count two) and fraudulent misconduct (count three). As set forth above, the trial court concluded that these claims were intentional torts and that no right of contribution existed for them. See R.C. 2307.25(A) ("There is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established."). Pry and Criblez have not challenged this finding on appeal. Therefore, we conclude that there is no way Pry and Criblez can plead a claim

for contribution on counts two and three of Ballreich's complaint against them.

{¶12} We reach a different conclusion with regard to count one of Ballreich's complaint, which asserted a cause of action against Pry and Criblez for accountant malpractice based on negligence. The trial court determined that Pry and Criblez inadequately had pled a claim for contribution because their third-party complaint alleged only that Eastman and Harden had provided "incorrect" advice to Ballreich, making Eastman and Harden joint tortfeasors. The trial court stressed the absence of any allegation that this advice was negligently presented, that it fell below applicable standards, or that Harden had breached a duty to Ballreich, his client. The trial court reasoned: "A statement that advice was incorrect is insufficient to state a cause of action for an attorney's negligence or malpractice in the attorney-client relationship. In the absence of negligent representation or other malpractice, the attorneys cannot be joint tortfeasors from whom contribution may be allowed."

{¶13} Assuming arguendo that the trial court's ruling was correct,[4] we see no reason why the contribution claim could not be pleaded in another way that does state a claim for relief. Pry and Criblez presumably could file a new complaint alleging that Harden negligently provided incorrect advice and addressing the other deficiencies cited by the trial court. That being the case, the trial court's dismissal of the third-party complaint should have been without

---

[4]The correctness of the trial court's ruling is the subject of the appellants' second assignment of error.

prejudice insofar as Pry and Criblez sought contribution from Eastman and Harden on Ballreich's claim alleging professional malpractice. *Fletcher*, supra. Accordingly, the first assignment of error is sustained in part and overruled in part.

{¶14} In their second assignment of error, Pry and Criblez claim the trial court erred in finding that their third-party complaint failed to state a claim for contribution among joint tortfeasors. We disagree. As it pertains to Eastman and Harden, the third-party complaint alleges:

{¶15} "12. Eastman & Smith, Ltd. And Gary M. Harden, Esq. provided legal and tax advice to Ballreich Bros., Inc. regarding the preparation of its payroll tax returns and amended tax returns that are the subject of this litigation.

{¶16} "13. Eastman & Smith, Ltd. and Gary M. Harden's legal and tax advice to Ballreich Bros., Inc. regarding its payroll tax returns was incorrect.

{¶17} "14. Eastman & Smith, Ltd. and Gary M. Harden's incorrect legal and tax advice to Ballreich Bros, Inc. was the sole or a contributing cause of the alleged damages Ballreich Bros., Inc. seeks to recover from Pry in the present litigation.

{¶18} "15. Pursuant to the Ohio Revised Code and common law, Eastman & Smith, Ltd. and Gary M. Harden are joint tortfeasors in regard to the claims and third-party claims asserted in the present litigation and Pry is entitled to contribution should it be found liable in any way."

{¶19} The third-party complaint does not identify a particular tort that makes Eastman and Harden joint tortfeasors. It appears, however, that an allegation of professional negligence is intended. A claim of professional negligence involves elements common to torts: the existence of a duty or standard of care, a breach of that duty or standard of care, and proximately caused harm. *Lawson v. Thomas Winemiller & Associates* (May 17, 1995), Montgomery App. No. 14508. "[P]rofessional negligence is not established by proving that a professional opinion turned out to be erroneous. Rather, to recover for professional negligence based on an incorrect professional opinion, one must establish that the professional fell below the standard of skill and knowledge commonly possessed and utilized by members within the profession when rendering his opinion." Id.

{¶20} In the present case, Pry and Criblez did not even allege that the advice provided to Ballreich by Harden fell below the applicable standard of skill and knowledge. Instead, Pry and Criblez alleged only that Harden's advice was "incorrect." Nor did Pry and Criblez allege any facts from which we might infer that the advice provided by Harden fell below the applicable standard of skill and knowledge. Therefore, the trial court did not err in finding that the third-party complaint failed to state a contribution claim against Eastman and Harden.[5] The

[5]As explained above, however, the trial court's dismissal of the third-party complaint should have been without prejudice insofar as Pry and Criblez sought contribution from Eastman and Harden on Ballreich's claim alleging professional malpractice.

second assignment of error is overruled.

{¶21} Finally, we turn briefly to three arguments raised by Eastman and Harden as alternative grounds for affirming the trial court's dismissal of the third-party complaint with prejudice.[6] First, Eastman and Harden argue that the economic-loss rule precludes a contribution claim against them. Second, they assert that contribution is precluded by R.C. 2307.25(A). Third, they contend the third-party complaint is improper because the allegations contained in it are not derivative of Ballreich's primary claims. The trial court rejected each of these arguments, and we do likewise.

{¶22} "The economic-loss rule generally prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Const. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 414, 2005-Ohio-5409, ¶6. "'[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'"[7] *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.* (1989), 42 Ohio St.3d 40, 44 (citation omitted). The rule appears to apply primarily in the absence of contractual privity when a plaintiff seeks to

---

[6]Even though Eastman and Harden have not filed a cross appeal, they may defend the trial court's judgment on alternative grounds not relied on by the trial court. App.R. 3(C)(2).

[7]"This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.' 'Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation * * * remains the particular province of the law of contracts.'" *Corporex*, 106 Ohio St.3d at 414.

recover in tort for a purely economic loss. See, e.g., *Laurent v. Flood Data Serv., Inc.*, 146 Ohio App.3d 392, 401, 2001-Ohio-1660 (recognizing that "the general rule requires contractual privity to assert a cause of action in negligence for purely economic damages"). Moreover, as the trial court recognized, the economic-loss rule has certain exceptions. One is that the rule does not preclude professional negligence claims resulting in only economic loss, at least when a professional such as an accountant provides advice to a foreseeable plaintiff. See, e.g., *Corporex*, 106 Ohio St.3d at 414-415, citing *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154.

**{¶23}** In the present case, as alleged in the third-party complaint, contractual privity surely existed between Ballreich and its accountants, Pry and Criblez, and between Ballreich and its attorneys, Eastman and Harden. In addition one of Ballreich's claims against Pry and Criblez is for professional negligence in the form of accountant malpractice. Likewise, as set forth above, Pry and Criblez attempted to plead a contribution claim against Eastman and Harden premised on Harden engaging in professional malpractice of his own while representing Ballreich. We fail to see how the economic-loss rule would preclude contribution between joint tortfeasors who are all allegedly liable in tort to their client, Ballreich, for professional negligence. In our view, the trial court correctly determined that "[t]o the extent the third party plaintiffs assert solely the economic loss of Ballreich through contribution, the economic loss rule would not

preclude the claim."[8] (Doc. #44 at 9).

**{¶24}** We are equally unpersuaded by the argument that R.C. 2307.25(A) precludes contribution in this case. The statute states that "if one or more persons are jointly and severally liable in tort for the same injury or loss to person or property * * *, there may be a right of contribution even though judgment has not been recovered against all or any of them." Eastman and Harden focus on the phrase "to person or property" and assert that contribution is allowed only when damages include tangible physical harm to persons or things. They insist that the statute does not provide a right of contribution for purely economic losses.

**{¶25}** Eastman and Harden cite no legal authority to support their interpretation of R.C. 2307.25(A). In any event, their narrow reading of the statute is unpersuasive because it overlooks the word "loss." The statute provides a right of contribution among joint tortfeasors for the same *injury* or *loss* to person or property. Although we have found no case law on point, we fail to see why a purely economic loss would not qualify as a "loss to person" under R.C. 2307.25(A).

**{¶26}** Finally, we reject the argument that the third-party complaint is

---

[8]Eastman and Harden appear to believe the economic-loss rule applies because the contribution claim *itself* seeks recovery for purely economic losses that Pry and Criblez will suffer if Ballreich prevails on its lawsuit. If this argument were correct, no contribution claim ever could survive, as all such claims seek to recover from a joint tortfeasor for purely economic losses the defendant-tortfeasor faces as a result of a tort victim's suit against him. For purposes of applying the economic-loss rule, the focus necessarily must be on whether the tort victim's primary lawsuit seeks to recover for purely economic losses.

improper because its allegations are not derivative of Ballreich's primary claims. Eastman and Harden correctly note that a third-party claim "must arise out of the same occurrence which gave rise to the claim against the third-party plaintiff." *Babich v. Hunan Szechwann Inn, Inc.* (July 21, 1997), Marion App. No. 9-97-04. "If the claim asserted in the third-party complaint does not arise because of the primary claim, or is in some way derivative of it, then such claim is not properly asserted in a third-party complaint.'" Id., quoting *State ex rel. Jacobs v. Municipal Court of Franklin County* (1972), 30 Ohio St.2d 239, 242.

{¶27} The primary claim in the present case is Ballreich's claim that Pry and Criblez are liable for the untimely filing of an amended tax return involving Donald Ballreich's deferred compensation. The third-party complaint alleged that Eastman and Harden provided Ballreich "advice in connection with the preparation of payroll tax returns and the treatment of Donald C. Ballreich's deferred compensation." The third-party complaint further alleged that Eastman and Harden "provided legal and tax advice to Ballreich Bros., Inc. regarding the preparation of its payroll tax returns and amended tax returns that are the subject of this litigation." Finally, the third-party complaint alleged that this advice was "incorrect" and that it "was the sole or a contributing cause of the alleged damages Ballreich Bros., Inc. seeks to recover from Pry in the present litigation." Although the third-party complaint does not say so explicitly, we infer that the "incorrect" advice may have pertained to the deadline for filing the Ballreich's

amended tax return or a related matter. If so, the foregoing allegations reasonably may be construed as setting forth a claim that is derivative of Ballreich's primary claim.

{¶28} Based on the reasoning set forth above, we conclude that the trial court erred in dismissing the third-party complaint with prejudice under Civ.R. 12(B)(6) to the extent that any pleading deficiencies can be cured by pleading in another way. The trial court did not err, however, in determining that the third-party complaint, as presently constituted, failed to state a claim against Eastman and Harden.

{¶29} The trial court's judgment is affirmed in part and reversed in part. The cause is remanded for the entry of an order dismissing the third-party complaint without prejudice insofar as Pry and Criblez sought contribution from Eastman and Harden on Ballreich's claim alleging professional malpractice.

. . . . . . . . . . . . .

**_Judgment_ affirmed in part and reversed in part,
cause remanded.**

**FAIN and GRADY, JJ., concur.**

(Judges James A. Brogan, Mike Fain and Thomas J. Grady, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Case No. 5-09-36


Copies mailed to:

Alton L. Stephens
Monica A. Sansalone
Jeffrey D. Stupp
Richard G. Witkowski
Nicholas J. Dertouzas
Hon. Joseph H. Niemeyer