TROYER ET AL., APPELLANTS, *v.* JANIS, APPELLEE.

[Cite as *Troyer v. Janis,* 132 Ohio St.3d 229, 2012-Ohio-2406.]

*Civil procedure—Civ.R. 10(D)(2)—Dismissals—Dismissal of medical claim for failure to attach required affidavit of merit is adjudication otherwise than on merits and is without prejudice by operation of law.*

(No. 2011-1162—Submitted April 3, 2012—Decided June 5, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-434, 2011-Ohio-2538.

_____

SYLLABUS OF THE COURT

A dismissal of a complaint for failure to attach the affidavit of merit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice by operation of law.

_____

LUNDBERG STRATTON, J.

{¶ 1} We are asked to determine whether dismissal of a complaint for failure to file an affidavit of merit as required by Civ.R. 10(D)(2) results in a dismissal without prejudice by operation of law. For the reasons that follow, we hold that it does. Consequently, we reverse the judgment of the court of appeals and remand to the trial court for further proceedings in accordance with our opinion.

**Procedural History**

{¶ 2} On December 9, 2009, appellants, Donald and Tamara Troyer, filed a medical-malpractice complaint in the Franklin County Court of Common Pleas against appellee, Leonard J. Janis. In response, Janis filed a motion for summary judgment in which he alleged that the claims asserted against him in the

complaint had already been filed and dismissed in a previous action and were now barred by the doctrine of res judicata. In support of his motion, Janis attached a copy of the complaint in the prior case, the trial court's decision granting his motion to dismiss under Civ.R. 12(B)(6) for failure to file an affidavit of merit, and the court's judgment entry.

**{¶ 3}** The Troyers opposed summary judgment on the basis that the previous dismissal for failure to attach an affidavit of merit was a dismissal without prejudice. The Troyers relied on *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, which held that a dismissal for failure to file the required affidavit is an adjudication otherwise than on the merits and is therefore a dismissal without prejudice. Thus, the Troyers argued, dismissal of their previous complaint did not bar refiling under the saving statute, which permits refiling of an action that has failed otherwise than on the merits. R.C. 2305.19(A).

**{¶ 4}** But the trial court construed the previous judgment entry, which did not specify whether the dismissal was with or without prejudice, as a dismissal with prejudice. The court relied on *Nicely v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-187, 2009-Ohio-4386, which held that under Civ.R. 41(B)(3), dismissal is with prejudice unless the entry specifies otherwise. Consequently, the court concluded that the dismissal had been a final judgment and that the current complaint was barred by the doctrine of res judicata. The court granted summary judgment for Janis.

**{¶ 5}** The Franklin County Court of Appeals affirmed. *Troyer v. Janis,* 10th Dist. No. 10AP-434, 2011-Ohio-2538. The cause is before this court upon our acceptance of a discretionary appeal. 129 Ohio St.3d 1504, 2011-Ohio-5358, 955 N.E.2d 386.

2

**Analysis**

{¶ 6} In reviewing whether the trial court's granting of summary judgment was proper, we apply a de novo review. *Smith v. McBride,* 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. Thus, viewing the pleadings in the light most favorable to the Troyers, we must determine whether Janis was entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 7} Civ.R. 10(D)(2) requires that every complaint containing a medical claim as defined in R.C. 2305.113 must include an affidavit of merit from an expert witness. We have held that the purpose of the affidavit of merit is to establish the adequacy of the complaint and thus deter the filing of frivolous medical-malpractice claims. *Fletcher,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10. The rule also specifically provides that "[a]ny dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits." Civ.R. 10(D)(2)(d). We held in *Fletcher* that a dismissal for failure to comply with the rule is a dismissal without prejudice. *Id.* at paragraph two of the syllabus.

{¶ 8} In this case, the parties agree that the complaint in the previous case was properly dismissed due to the Troyers' failure to attach an affidavit of merit as required by Civ.R. 10(D)(2). The parties also agree that the trial court's entry of dismissal was silent as to whether the dismissal was with or without prejudice. The Troyers contend that under *Fletcher*, the previous dismissal was an adjudication otherwise than on the merits and thus was without prejudice, by operation of law, regardless of the failure of the entry to so specify. Thus, they were permitted to refile the action using the saving statute, R.C. 2305.19(A). We agree.

{¶ 9} *Fletcher* examined the proper procedural remedy when a plaintiff fails to attach an affidavit of merit to a complaint. The trial court had granted a defense motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) and

dismissed the case *with* prejudice. The court of appeals reversed, concluding that the proper remedy for a defendant under these circumstances was to request a more definite statement. *Id*. at ¶ 5.

**{¶ 10}** In *Fletcher,* we held that the trial court properly dismissed the case, but that the dismissal should have been *without* prejudice. *Id.* at ¶ 15-18. Because Civ.R. 10(D)(2) requires an affidavit of merit to be attached to the complaint, when one is not attached, the proper remedy is to dismiss the complaint for failure to state a claim. Such a dismissal is not based on the merits of the case, but on the insufficiency of the complaint. *Id.* at ¶ 18. We held that "[a] dismissal of a complaint for failure to file the affidavit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits. The dismissal, therefore, is without prejudice." 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at paragraph two of the syllabus.

**{¶ 11}** In this case, because the previous dismissal entry did not specify whether it was with or without prejudice (unlike the entry in *Fletcher,* which erroneously stated that it was with prejudice), the trial court applied *Nicely,* 2009-Ohio-4386, and Civ.R. 41(B)(3) in support of its conclusion that the previous dismissal entry was *with* prejudice. But a close reading of *Nicely* demonstrates that it further supports the Troyers' position that a court's dismissal of a complaint for lack of an affidavit of merit is *without* prejudice.

**{¶ 12}** In *Nicely*, the trial court dismissed the complaint for failure to attach an affidavit of merit, but the court's entry did not specify whether the dismissal was with, or without, prejudice. *Id.,* 2009-Ohio-4386, ¶ 3. On appeal, Nicely argued that the dismissal must be considered as having been without prejudice, citing *Fletcher*. The *Nicely* court of appeals found that the trial court properly had dismissed the complaint for lack of a Civ.R. 10(D)(2) affidavit of merit, *id.* at ¶ 6, but agreed that under *Fletcher,* it was error to dismiss the case with prejudice. *Id.* at ¶ 14. The appellate court acknowledged that generally,

under Civ.R. 41(B)(3), when the entry is silent, the dismissal is with prejudice. But when the dismissal is for failure to attach the affidavit required by Civ.R. 10(D)(2), *Fletcher* and Civ.R.10(D)(2)(d) dictate that the dismissal must be without prejudice. *Nicely* at ¶ 14.

**{¶ 13}** Janis urges us to affirm the judgment of the court of appeals. He argues that the Troyers did nothing to correct the previous judgment entry to include the phrase "without prejudice," that they did not appeal, and that, as a result, the previous entry became a final judgment. Thus, Janis urges, the refiled claim is precluded by the doctrine of res judicata.

**{¶ 14}** We need not reach the issue of res judicata because, applying Civ.R. 10(D)(2)(d) and *Fletcher*, we conclude that the previous dismissal was an adjudication otherwise than on the merits and thus, *without* prejudice by operation of law. First, Civ.R. 10(D)(2)(d) expressly provides that "[a]*ny dismissal* for the failure to comply with this rule shall operate as a failure otherwise than on the merits." (Emphasis added.) Second, *Fletcher* recognized that this language can mean only that such dismissals are without prejudice. A close reading of *Nicely* only confirms the correctness of *Fletcher*'s application of the rule.

**{¶ 15}** Here, we have a specific rule, Civ.R. 10(D)(2), which applies only to cases involving a medical claim, requires an affidavit of merit in these cases, and explicitly provides that any dismissal for failure to comply shall be a dismissal otherwise than on the merits. Under these circumstances, it is customary to apply the more specific provision, the one meant to govern the particular situation involved, rather than the more general rule. Moreover, we must construe the Civil Rules "to effect just results" and promote "the expeditious administration of justice." Civ.R. 1(B). Thus, the previous entry's silence on the matter of prejudice does not affect the application of Civ.R. 10(D)(2)(d).

**{¶ 16}** Finally, Janis argues that the Troyers should have appealed the previous judgment—as the plaintiff did in *Nicely*—thereby giving the appellate

court an opportunity to correct the error. But we have held that the previous dismissal was, by operation of law under Civ.R. 10(D)(2)(d), without prejudice. Thus, the Troyers' failure to appeal that dismissal was irrelevant. They reserved their right to continue their suit by refiling their complaint within the time period set forth in R.C. 2305.19(A). This approach has the additional advantage of avoiding the delay engendered by yet another unnecessary procedural hurdle.

### Conclusion

{¶ 17} Based on the clear language of Civ.R. 10(D)(2) and *Fletcher*, we hold that a dismissal of a complaint for failure to attach the affidavit of merit required by Civ.R. 10(D)(2) is an adjudication otherwise than on the merits and is a dismissal without prejudice by operation of law.

{¶ 18} The judgment of the court of appeals is reversed, and the matter is remanded to the trial court for further proceedings.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Leeseberg & Valentine, Anne M. Valentine, and Susie L. Hahn, for appellants.

Lane, Alton & Horst, L.L.C., Gregory D. Rankin, and Ray S. Pantle, for appellee.

_____

6