[Cite as *Smith v. Doshi*, 2013-Ohio-3049.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

VALERIE J. SMITH                          :
                                          :        Appellate Case No. 25474
        Plaintiff-Appellant               :
                                          :        Trial Court No.   2012-CV-4682
v.                                        :
                                          :
BHADRESH DOSHI, M.D.                      :        (Civil Appeal from
                                          :         Common Pleas Court)
        Defendant-Appellee                :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . .

VALERIE J. SMITH, 153 Loganwood Drive, Centerville, Ohio 45458
        Plaintiff-Appellant, *pro se*

JOHN B. WELCH, Atty. Reg. #0055337, and KAREN L. CLOUSE, Atty. Reg. #0037294,
Arnold Todaro & Welch Co., L.P.A., 580 Lincoln Park Boulevard, Suite 222, Dayton, Ohio
45429
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, P.J.

        {¶ 1}        Plaintiff-appellant Valerie J. Smith appeals from the trial court's order

dismissing her action against Defendant-appellee Dr. Bhadresh Doshi.  Smith contends that the

trial court erred in striking her amended complaints and in granting Dr. Doshi's Civ.R. 12(B)(6) motion to dismiss.

{¶ 2}    We conclude that the trial court did not err in granting Dr. Doshi's motion to dismiss, because Smith failed to attach to her complaint, or to either of her amended complaints, the affidavit of merit required by Civ.R. 10(D)(2).    Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3}    Valerie Smith commenced this action against Dr. Bhadresh Doshi.    Smith alleged that Dr. Doshi negligently performed her hysterectomy at Good Samaritan Hospital. According to Smith, she began feeling discomfort after her procedure, and a subsequent trip to the emergency room revealed that her bladder was perforated.    Dr. Doshi answered the complaint, denying any negligence on his part, and raising as affirmative defenses Smith's failure to state a claim upon which relief may be granted and her failure to comply with the mandatory pleading requirements in Civ.R. 10.

{¶ 4}    Dr. Doshi then moved to dismiss pursuant to Civ.R. 12(B)(6).    Smith did not oppose the motion, but she did file an amended complaint.    Dr. Doshi moved to strike the amended complaint because it was filed without either leave of court or his consent, as required by Civ. R. 15(A).    Subsequently, Smith filed a second amended complaint, to which she attached copies of medical records.    Dr. Doshi again moved to strike.

{¶ 5}    The trial court granted Dr. Doshi's motions to strike and his motion to dismiss. The trial court held that Smith could not unilaterally amend her complaint without either leave of

court or Dr. Doshi's consent. The trial court further held that Smith's failure to file an affidavit of merit with her complaint, as required by Civ.R. 10(D)(2), mandated the dismissal of her complaint. The trial court dismissed Smith's complaint, without prejudice.

**{¶ 6}** From the order dismissing her complaint, Smith appeals.

## II. The Trial Court Properly Granted Dr. Doshi's Motion to Dismiss, Because Smith Failed to File an Affidavit of Merit with Any of her Complaints

**{¶ 7}** Smith's appellate brief and amended appellate brief do not comply with App.R. 16(A). Most notably, Smith fails to identify an assignment of error for our review. Based on our review of her appellate briefs, we construe Smith's sole assignment of error to be the following:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS AFTER STRIKING SMITH'S FIRST AND SECOND AMENDED COMPLAINTS.

**{¶ 8}** We conduct a de novo review of an order granting a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. City of Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). When granting a motion to dismiss under Civ.R. 12(B)(6), "[i]t must appear beyond doubt that plaintiff can prove no set of facts entitling her to relief." *Vail v. Plain Dealer Publishing Co.,* 72 Ohio St.3d 279, 280, 649 N.E.2d 182 (1995).

**{¶ 9}** The trial court dismissed Smith's complaint because it failed to comply with the

affidavit of merit requirement found in Civ.R. 10(D)(2)(a):

> Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim * * * shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

> (ii) A statement that the affiant is familiar with the applicable standard of care;

> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 10} The purpose of an affidavit of merit is to establish the adequacy of a plaintiff's medical malpractice complaint and to deter the filing of frivolous negligence claims against practicing physicians. *Fletcher v. University Hospitals of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10. The Court in *Fletcher* specifically held that this pleading requirement goes directly to the sufficiency of the complaint. *Id.* at ¶ 13. Thus, when a plaintiff fails to attach an affidavit of merit, as required by Civ.R. 10(D)(2), the proper remedy is dismissal for failure to state a claim. The dismissal is made on the sufficiency of the

pleadings, and is not an adjudication on the merits of the case. Therefore, the dismissal is without prejudice. *Id. at* ¶ 17-18.

**{¶ 11}** The trial court found that Smith's amended complaints were improperly filed, neither leave of court nor consent from Dr. Doshi having been obtained. Furthermore, Smith failed to attach an affidavit of merit to any of her three complaints. Thus, the trial court properly dismissed Smith's complaint, without prejudice, for failure to state a claim upon which relief may be granted. *Id.*

**{¶ 12}** Smith's sole assignment of error is overruled.

### III. Conclusion

**{¶ 13}** Smith's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Valerie J. Smith
John B. Welch
Karen L. Clouse
Hon. Dennis J. Langer