[Cite as *Alspach v. Swartzmiller*, 2020-Ohio-428.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

CYNTHIA A. ALSPACH, ET AL.,

    PLAINTIFFS-APPELLANTS,

    v.

DAVID E. SWARTZMILLER, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 13-19-33

O P I N I O N

Appeal from Seneca County Common Pleas Court
Trial Court No. 18-CV-0301

Judgment Affirmed in Part, Reversed in Part

Date of Decision:  February 10, 2020

APPEARANCES:

    *Terry L. Gernert* for Appellants

    *David J. Claus and Bryan C. Rannigan* for Appellees

**WILLAMOWSKI, J.**

{¶1} Plaintiffs-appellants Cynthia A. Alspach, Rebecca L. Mason, Trudy L. Kauffman, Terri J. Drosky, Cheri R. Swartzmiller, and Douglas P. Swartzmiller (collectively known as "Appellants") bring this appeal from the judgment of the Court of Common Pleas of Seneca County dismissing with prejudice their complaint against defendants-appellees David E. Swartzmiller and Cory Swartzmiller (collectively known as "Appellees"). Appellants argue on appeal that the trial court erred by finding their claim to be barred by the statute of limitations. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} This case arises from a claim by Appellants that Appellees, particularly David E. Swartzmiller ("David"), engaged in fraudulent behavior to deprive them of the value of the real property that they otherwise would have inherited. Doc. 2. Appellants and David are siblings and Cory Swartzmiller is David's son who may have an interest in the property at this time. *Id*. Appellants filed a complaint on December 5, 2018, alleging that David, through fraud and coercion, enticed their parents into transferring the real estate at issue to him on June 5, 2012. *Id*. at 2. The complaint also contains an allegation that David on June 5, 2012, fraudulently converted $20,000 to himself although that money had been set aside by their parents for Appellants. *Id*. Appellees filed their answer on Jan. 17, 2019, denying fraudulent behavior and listing several affirmative defenses, including the statute of

limitations and requesting that the complaint be dismissed with prejudice. Doc. 7. On January 31, 2019, Appellees filed a motion to dismiss based upon the statute of limitations and the failure to plead fraud with specificity. Doc. 8. Appellants filed a response to the motion on April 19, 2019. Doc. 11. On May 17, 2019, the trial court held a hearing on the motion. The trial court issued its judgment on August 7, 2019, granting the motion to dismiss with prejudice. Doc. 17. Appellants filed a timely notice of appeal and raise the following assignment of error on appeal. Doc. 18.

> **The trial court erred in dismissing [Appellants'] complaint finding that the action is barred by the statute of limitations.**

{¶3} Appellants claim that the trial court erred in granting the motion to dismiss. The granting of a motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, 814 N.E.2d 44. "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Id.*

{¶4} Here, the complaint alleges two fraudulent actions. The first is the transfer of ownership of the real estate and the second is the conversion of $20,000 cash. In Ohio, most claims for fraud must be brought within four years. R.C. 2305.09(C).[1] "A cause of action for fraud or conversion accrues either when the fraud is discovered, or [when] in the exercise of reasonable diligence, the fraud

---

[1] The only exception would be in the case of identity fraud, which has a five year statute of limitations.

should have been discovered." *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, ¶ 29, 909 N.E.2d 1244, 1250. Thus, constructive knowledge, rather than actual knowledge, is sufficient to start the statute of limitations under the discovery rule. *Id*. at ¶ 30.

{¶5} The first claim is that the real estate transfer was the result of fraud. "Any person contesting the validity or effectiveness of any transaction referred to in a public record is considered to have discovered that public record and any transaction referred to in the record as of the time that the record was first filed with the secretary of state or tendered to a county recorder for recording." R.C. 1301.401(C). The effective date of this statute was March 27, 2013. The filing date of the deed at issue in this case was alleged to be on or about June 5, 2012. Doc. 2. Although the statute went into effect after the deed was filed, this does not mean that the statute has no effect on the notice. Even assuming that Appellants can successfully argue that the filing of the deed did not provide constructive notice in 2012, the statute put everyone on notice as of March 27, 2013 (the effective date), that all deeds were now constructive notice for purposes of the discovery rule. Thus, appellants would be presumed to have discovered the transfer of the real estate as of March 27, 2013, at the latest. The statute of limitations would have expired on March 27, 2017. The complaint was not filed until December 5, 2018. This is outside of the statute of limitations. The trial court did not err in dismissing this claim with prejudice.

{¶6} The second claim is that Appellees fraudulently converted $20,000. Unlike the real estate, there is no easily discernible time for determining when Appellants discovered the alleged conversion. In their response to Appellees' motion to dismiss, Appellants claim they did not discover the conversion until 2017. Viewing this evidence in a light most favorable to Appellants, we cannot find that the claim is outside the statute of limitations. However, Appellees also argued that Appellants failed to plead the claim of fraud with specificity. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ.R. 9(B). "Generally, to satisfy the particularity requirement of Civ.R. 9(B), a plaintiff should plead the time, place, and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." *Meehan v. Mardis*, 1st Dist. Hamilton No. C-180406, 2019-Ohio-4075, ¶ 20. Here, the complaint merely stated that "[o]n or about June 5, 2012, [David], through fraud converted $20,000.00 which had been set aside by Newton E. Swartzmiller and Betty A. Swartzmiller for [Appellants]." Doc. 2 at 2. No specificity was given as to what actions comprised the fraud. Thus, it was not pled with specificity. A review of the judgment entry does not show that the trial court specifically ruled on this question. As this is a de novo review, this court can determine that the claim of fraudulent conversion of the cash could be dismissed for failure to state a claim upon which relief could be granted. *Sutton*

*Funding, LLC v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, ¶ 50, 936 N.E.2d 574. "[A] failure to specifically plead the operative facts that form the basis of a fraud claim renders the claim defective." *Wick v. Ach*, 1ˢᵗ Dist. Hamilton No. C-180243, 2019-Ohio-2405, ¶ 12. Despite the dismissal for failure to state a claim being appropriate, the dismissal with prejudice is not. "A dismissal for failure to state a claim is not a dismissal with prejudice, but a dismissal without prejudice." *Gallagher v. Borden, Inc.*, 84 Ohio App.3d 185, 190, 616 N.E.2d 577 (1992). A dismissal with prejudice is an adjudication on the merits, so a dismissal otherwise than on the merits is without prejudice. *Fletcher v. Univ. Hosp. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 16, 897 N.E.2d 147. "To put this in concrete terms, a dismissal for failure to state a claim is without prejudice except in those cases where the claim cannot be pleaded in any other way." *Id*. at ¶ 17. Thus, the trial court erred by dismissing this claim in the complaint with prejudice.

{¶7} The sole assignment of error is affirmed as to the dismissal with prejudice of the claim of fraudulent transfer of the real estate due to the claim being outside the statute of limitations. The sole assignment of error is reversed as to the dismissal with prejudice of the claim of fraudulent conversion of money. That claim should have been dismissed without prejudice for failure to plead a fraud claim with particularity.

{¶8} Having reviewed the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed in part and reversed in part and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part*
*And Reversed in Part*

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**