JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants David Keck and Sondra Keck appeal the trial court granting defendants-appellees MetroHealth Medical Center's ("MetroHealth") motion for summary judgment.
 {¶ 2} On October 5, 2005, the Kecks filed their complaint against MetroHealth alleging nursing negligence and loss of consortium arising out of the medical treatment that David Keck received at MetroHealth between May 30, 2003 and July 17, 2003. David Keck was admitted to MetroHealth after sustaining severe injuries in a motorcycle accident. Specifically, the Kecks allege that David Keck suffered from bedsores that formed during his treatment at MetroHealth.
 {¶ 3} On January 10, 2007, MetroHealth filed a motion for summary judgment and argued that although nursing expert reports are admissible regarding standard *Page 3 
of care as submitted by the Kecks, the Kecks failed to produce an admissible expert report regarding proximate cause. The trial court agreed and granted MetroHealth's motion for summary judgment on February 6, 2007.
 {¶ 4} The Kecks filed the instant appeal and asserted the following assignment of error for our review:
 "The trial court erroneously granted summary judgment based on its incorrect legal conclusion that a certified nurse practitioner is not qualified to render an opinion on the proximate cause of bedsores."
 {¶ 5} The Kecks argue that not only are medical doctors qualified to testify regarding proximate cause of a patient's bedsores, but certified nurse practitioners are qualified as well. We disagree.
 {¶ 6} The standard of review for a motion for summary judgment is de novo, and thus:
 "[W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issues as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving *Page 4 party. Ladanyi v. Crookes Hanson, Ltd, Cuyahoga App. No. 87888, 2007-Ohio-540. (Internal citations omitted.)
 {¶ 7} Furthermore, Evid.R. 601(D) reads as follows:
 "Every person is competent to be a witness except: * * * (D) A person giving expert testimony on the issue of liability in any claim asserted in any civil action against a * * * hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless the person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state, and unless the person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school. This division shall not prohibit other medical professionals who otherwise are competent to testify under these rules from giving expert testimony on the appropriate standard of care in their own profession in any claim asserted in any civil action against a * * * hospital arising out of the diagnosis, care, or treatment of any person."
 {¶ 8} R.C. 4723.01(J) defines "certified nurse practitioner as follows: *Page 5 
 "`Certified nurse practitioner' means a registered nurse who holds a valid certificate of authority issued under this chapter that authorizes the practice of nursing as a certified nurse practitioner in accordance with section 4723.43 of the Revised Code and rules adopted by the board of nursing."
 {¶ 9} R.C. 4723.151(A) also mandates that nurses are prohibited from providing medical diagnosis, prescription of medical measures, and from the practice of medicine or surgeries, except:
 "Division (A) of this section does not prohibit a * * * certified nurse practitioner from practicing within the nurse's scope of practice in accordance with section 4723.43 of the Revised Code. Division (A) of this section does not prohibit * * * a certified nurse practitioner who holds a certificate to prescribe issued under section 4723.48 of the Revised Code from prescribing drugs and therapeutic devises in accordance with section 4723.481 [4723.48.1] of the Revised Code." R.C. 4723.151(B).
 {¶ 10} Furthermore, R.C. 4723.43(C) delineates the scope of practice of a certified nurse practitioner:
 "A nurse authorized to practice as a certified nurse practitioner, in collaboration with one or more physicians or podiatrists, may provide preventative and primary care services and evaluate and promote patient wellness within the nurse's nursing specialty, consistent with the nurse's education and certification, and in accordance with the rules adopted by the board. A certified nurse *Page 6 practitioner who holds a certificate to prescribe issued under section 4723.48 of the Revised Code may, in collaboration with one or more physicians or podiatrists, prescribe drugs and therapeutic devices in accordance with section 4723.481 [4723.48.1] of the Revised Code."
 {¶ 11} R.C. 4723.01(K) defines "physician" as follows:
 "`Physician' means an individual authorized under Chapter 4731. of the Revised Code to practice medicine and surgery or osteopathic medicine and surgery."
 {¶ 12} In reviewing the plain language of "certified nurse practitioner" and "physician" it is clear that certified nurse practitioners are authorized to practice nursing but not authorized to practice medicine without collaborating with one or more physicians, within the nurse's nursing specialty, and consistent with the nurse's education, certification, and in accordance with the rules adopted by the board. Thus, Cynthia A. Keiner, MSN, RN, CNP is certified to practice nursing and not medicine.
 {¶ 13} When applying the definition of "certified nurse practitioner" to Evid.R. 601(D), it is clear that Keiner does not fall within the physician/podiatrist necessity to give expert testimony on the issue of liability in the instant civil action against MetroHealth arising out of the diagnosis, care, or treatment of David Keck because she is not licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board. *Page 7 
 {¶ 14} Further application of the definition of "certified nurse practitioner" to Evid.R. 601(D) also reveals that Keiner is not prohibited from giving expert testimony on the appropriate standard of care in her own profession.
 {¶ 15} Had the drafters of Evid.R. 601(D) desired to include certified nurse practitioners as permissible experts, they would have done so. Therefore, the trial court did not err when it granted summary judgment in favor of MetroHealth because the Kecks failed to provide any other expert testimony regarding the liability of MetroHealth hospital in relation to its diagnosis, care, or treatment of David Keck.
 {¶ 16} The Kecks' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS
ANN DYKE, J., CONCURS IN JUDGMENT ONLY (SEE SEPARATE CONCURRING OPINION). *Page 8