[Cite as *Smith v. Laurels of Canton, L.L.C.*, 2018-Ohio-2369.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PRISCILLA SMITH, ADMINISTRATOR | : | JUDGES: |
| OF THE ESTATE OF HELEN | : | Hon. John W. Wise, P.J. |
| MAE RININGER, DECEASED | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| THE LAURELS OF | : | Case No. 2017CA00217 |
| CANTON, LLC, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. 2016CV02526

JUDGMENT: Affirmed

DATE OF JUDGMENT: June 18, 2018

APPEARANCES:

For Plaintiff-Appellant

STACIE L. ROTH
SEAN R. STEWARD
236 Third Street SW
Canton, OH 44702

For Defendants-Appellees

PAUL W. MCCARTNEY
CHRISTOPHER F. MARS
312 Walnut Street, Suite 2530
Cincinnati, OH 45202

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Priscilla Smith, Administrator of the Estate of Helen Mae Rininger, Deceased, appeals the October 26, 2017 decision of the Court of Common Pleas of Stark County, Ohio, dismissing her case.  Defendants-Appellees are The Laurels of Canton, LLC, and Laurel Health Care Company dba The Laurels of Canton.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The decedent, Helen Mae Rininger, was a resident of a nursing home care facility operated by appellees herein.  Ms. Rininger passed away at the facility on June 7, 2013.

{¶ 3}   On November 17, 2016, appellant filed a wrongful death complaint against appellees (a refiling).  Appellant claimed on or about May 26, 2013, the decedent was given an antibiotic for a urinary tract infection.  She alleged the decedent suffered a severe allergic reaction, causing her death.  Appellant alleged appellees' agents and/or employees were negligent in administrating the antibiotic and in failing to timely recognize and treat the allergic reaction.

{¶ 4}   On December 6, 2016, the trial court entered a nunc pro tunc order giving appellant until January 20, 2017, to file an affidavit of merit.  On said date, appellant filed the affidavit of Michele Carson, R.N.  Ms. Carson averred appellees breached the acceptable standards of medical care, and such breach directly and proximately caused Ms. Rininger's death.

{¶ 5}   On June 19, 2017, appellees filed a motion to dismiss under Civ.R. 12(B)(6), failure to state a claim, because the affidavit failed to comply with Civ.R. 10(D)(2). Appellees claimed "a nurse cannot testify on the seminal issue of proximate cause

because a nurse is not competent or qualified to render an opinion on the issue of proximate cause." In response, appellant claimed because proximate cause was not an issue based upon the cause of death contained in the death certificate, Ms. Carson was competent to testify on liability issues in an ordinary negligence case.

{¶ 6} On July 27, 2017, the trial court issued an order, finding the affidavit of Ms. Carson was inadequate under Civ.R. 10, and gave appellant until August 25, 2017, to cure the defect.

{¶ 7} On September 18, 2017, appellees again filed a motion to dismiss for appellant's failure to cure the defect. In response, appellant claimed Ms. Carson, as a nurse practitioner, was competent to render an opinion on causation. Appellant submitted the death certificate, Ms. Rininger's discharge papers from Aultman Hospital issued by Robert Sabota, M.D. on June 6, 2013, and history and physical notes by Awais Ahmed, M.D. and Chadi Bouserhal, M.D. dated May 26, 2013. By judgment entry filed October 26, 2017, the trial court agreed with appellees and dismissed the complaint. The trial court found Ms. Carson's affidavit to be inadequate as she was a nurse practitioner and could not opine as to proximate cause of death.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 9} "THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROVIDE A SUFFICIENT AFFIDAVIT OF MERIT AS REQUIRED BY CIVIL RULE 10(D)(2)(iii)."

I

{¶ 10} In her sole assignment of error, appellant claims the trial court erred in dismissing her complaint. We disagree.

{¶ 11} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

{¶ 12} Civ.R. 10 governs form of pleadings. Subsection (D)(2) states the following:

(2) *Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic Liability Claims.*

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 13} The reason for the affidavit of merit is to deter the filing of frivolous medical malpractice claims. *Fletcher v. University Hospitals of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147.

{¶ 14} In its October 26, 2017 judgment entry granting the motion to dismiss, the trial court determined the following:

Plaintiff argues that because Michele Carson is a nurse practitioner who is able to render diagnosis and prescribe medications, she is qualified to opine as to causation in this particular case. However, nurse practitioners may only render diagnosis and prescribe medications in collaboration with one or more physicians. *Keck v. MetroHealth Md. Ctr.,* 8th Dist. No 89526, 2008-Ohio-801. Plaintiff cites no cases on point that would allow for a nurse practitioner to opine as to the cause of death.

Here, while Ms. Carson may render an opinion as to Defendants' alleged breach of the standard of care, she cannot opine as to the proximate cause of death.

{¶ 15} The trial court noted, "[t]he within case is not one in which the element of causation is a matter of common knowledge," indicating the death certificate cited " 'acute respiratory failure secondary to, as a first cause, angioedema drug-induce.' " "This case involves allegations that a medication should not have been given and that nurses failed to properly care for Plaintiff's decedent after an alleged reaction to eh (sic) medicine leading to injury and death."

{¶ 16} We agree with the trial court's analysis. Ms. Carson's affidavit avers that she is a registered nurse. She did not claim to be a nurse practitioner. In a medical negligence action, a nurse is not competent or qualified to testify on the issue of proximate cause. *Chapman v. South Pointe Hospital,* 8th Dist. Cuyahoga No. 92610, 2010-Ohio-152.

{¶ 17} In her appellate brief, appellant relies on the case of *Carte v. The Manor at Whitehall,* 10th Dist. Franklin No. 14AP-568, 2014-Ohio-5670, a case wherein a nurse's affidavit of merit was deemed adequate. *Carte* is distinguishable from this case. In *Carte,* the decedent's death was caused by a fall. The *Carte* court at ¶ 37 found "if the issue of proximate cause is within the common knowledge of a layperson," then a nurse could proffer an opinion that the decedent's injuries were caused by the negligence of the staff. As found by the trial court sub judice, the decedent's cause of death was not a matter of common knowledge.

{¶ 18} Appellant argues the issue of causation was within the trial court's common knowledge if the affidavit was read in conjunction with the death certificate and the decedent's medical records. For cause of death, the death certificate lists: "acute respiratory failure" due to "angioedema drug induced" due to "recent stroke" due to "hypertension." *See* Certificate of Death, attached to Plaintiff's October 5, 2017 Memorandum Contra as Exhibit A. The decedent's discharge papers list discharge diagnoses as: "1) Loss of consciousness secondary to stroke and anoxic encephalopathy; * * * 3) History of clostridium difficile colitis; 4) History of angioedema from amoxicillin; * * * 6) History of hypertension; 7) History of stroke on May 6, 2013." The decedent's medical history and physical notes state that she "has received amoxicillin in the past, however, has not had a reaction in the past." *See* Medical Records, attached to Plaintiff's October 5, 2017 Memorandum Contra as Exhibit B. We do not find these additional filings place the issue of causation within the trial court's common knowledge.

{¶ 19} Appellant makes an additional argument that the spirit of the civil rules is to have cases heard on their merits. Pursuant to the trial court's July 27, 2017 order, appellant was put on notice that the trial court found the submitted affidavit of merit to be inadequate, and gave her more time to cure the defect. Appellant chose not to submit another affidavit, but chose to rely on Ms. Carson's affidavit, the death certificate, and the decedent's medical records. These items do not comply with the requirements of Civ.R. 10(D).

{¶ 20} Upon review, we find the trial court did not err in granting the motion to dismiss.

{¶ 21} The sole assignment of error is denied.

{¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Gwin, J. concur.

EEW/db 68