OPINION
{¶ 1} This is an appeal for a summary judgment for the defendant on the plaintiff's claim for legal malpractice, which arises out of the defendant's failure to file an action on underlying medical claims within the statute of limitations.
 {¶ 2} Plaintiff, William T. Daly, is the administrator of the *Page 2 
estate of William Beasley, who died on April 21, 2001. Plaintiff retained the services of Defendant, Douglas A. Hess, an attorney, to represent the estate in prosecuting medical claims arising from the circumstances of Mr. Beasley's death.
 {¶ 3} On July 3, 2003, Attorney Hess filed an action in the court of common pleas of Montgomery County on behalf of Daly and against four Defendants: The Sanctuary at Whispering Meadows, Inc. ("Whispering Meadows"), a nursing home in which Mr. Beasley was a resident; Grandview Hospital, where he died; and two John Doe defendants. The claims for relief alleged that persons employed by Whispering Meadows had negligently inserted a catheter into Mr. Beasley, proximately causing a medical impairment that led to his death, and that Grandview Hospital negligently failed to diagnose and treat that medical impairment when Mr. Beasley was admitted there.
 {¶ 4} The action against Whispering Meadows and Grandview Hospital was eventually terminated by a summary judgment in their favor, granted on a finding that the action was not filed within the applicable statutes of limitation. No appeal from the summary judgment was taken, and the trial court's determination is therefore the law of the case and not subject to review.
 {¶ 5} On January 11, 2005, Daly commenced the underlying action against Attorney Hess on a claim for relief alleging legal *Page 3 
malpractice. The basis of the claim is an allegation that Hess was negligent in failing to file the prior action against Whispering Meadows and Grandview Hospital within the statutes of limitations applicable to the claims for relief that action alleged. Following the Defendant's responsive pleading, the court entered a Final Pretrial Order (Dkt. 25) requiring the parties to identify their expert witnesses. Plaintiff identified three witnesses who would testify: two attorneys and "Linda K. Matson, R.N., C.C.R.N."
 {¶ 6} In order to prove his right to damages on proof of legal malpractice, Plaintiff would have the burden at trial to provide some evidence on the merits of his underlying claims for relief against Whispering Meadows and Grandview Hospital. Vahila v. Hall,77 Ohio St.3d 421, 428, 1997-Ohio-259. Defendant Hess moved for summary judgment, arguing that Plaintiff cannot meet that burden because Linda Matson, a nurse, is not competent to testify concerning the liability of Whispering Meadows and Grandview Hospital on the claims for relief against them. The trial court agreed and granted Defendant's motion. Plaintiff Daly filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT." *Page 4 
 {¶ 8} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ. R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v.Lyles (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1.
 {¶ 9} Because the party moving for summary judgment has the burden to demonstrate that, with respect to the claim or defense the motion concerns, no genuine issue of material fact exists, the movant must point to evidence in the record which, if accepted as true, would entitle him to a judgment at trial as a matter of law on that particular claim or defense. A movant who argues that the adverse party cannot prove its case must first identify those parts of the record that demonstrate the absence of a genuine issue of material fact on the claim or defense.
 {¶ 10} "The moving party cannot discharge its initial burden *Page 5 
under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107.
 {¶ 11} Plaintiff Daly argues that the trial court erred in granting summary judgment because Defendant Hess merely contended that Daly lacks evidence necessary to prove his claims for relief against Whispering Meadows and Grandview Hospital. Dresher v. Burt. We do not agree. A movant is merely required "to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Id., p. 293. Defendant Hess pointed to Plaintiff Daly's disclosure of *Page 6 
the names of his expert witnesses. That is not one of the types of "evidence" that Civ. R. 56(C) identifies. However, we believe that Defendant's contention was sufficient to require some rebuttal by Plaintiff, and he provided none. The further question is, what was he required to provide for that purpose?
 {¶ 12} The complaint that Defendant Hess filed on behalf of Daly against Whispering Meadows and Grandview Hospital is captioned, "Complaint For Personal Injuries, Medical Malpractice, Wrongful Death and Survivors Claim." Seizing on the malpractice allegation, Defendant Hess argued that Daly could not demonstrate the merits of those claims,Vahila v. Hall, because none of the expert witnesses Daly identified is a licensed physician, and the testimony of a licensed physician is necessary to prove liability on a medical malpractice claim. Brimi v.Tatsumi (1976), 46 Ohio St.2d 127. More specifically, Defendant Hess argued that Nurse Matson is not competent to testify for that purpose. The trial court agreed.
 {¶ 13} Plaintiff Daly argues that the action Defendant Hess filed against Whispering Meadows and Grandview Hospital was brought on eight other theories of liability, in addition to medical malpractice, and that expert testimony is not required to prove them. That contention misses the point. Notwithstanding any particular theory of liability, when an action is brought on *Page 7 
a "medical claim," no person is competent to testify on the liability issues the claim presents unless the person is a licensed physician or surgeon. R.C. 2743.43(A)(1). For that purpose, "medical claim" is defined by R.C. 2305.113(E)(3), which provides:
 {¶ 14} "`Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. `Medical claim' includes the following:
 {¶ 15} "(a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
 {¶ 16} "(b) Claims that arise out of the medical diagnosis, care, or treatment of any person and to which either of the following applies:
 {¶ 17} "(i) The claim results from acts or omissions in providing medical care.
 {¶ 18} "(ii) The claim results from the hiring, training, *Page 8 
supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.
 {¶ 19} "(c) Claims that arise out of the medical diagnosis, care, or treatment of any person and that are brought under section 3721.17 of the Revised Code."
 {¶ 20} The limitation on expert testimony on the issue of liability applies to all medical claims, as that term is statutorily defined.Denicola v. Providence Hospital (1979), 57 Ohio St.2d 115. The limitation is likewise imposed by Evid. R. 601(D), which nevertheless also provides that the limitation "shall not prohibit other medical professionals who otherwise are competent to testify under these rules from giving expert testimony on the appropriate standard of care in their own profession in any claim asserted against a physician, podiatrist, medical professional, or hospital arising out of the diagnosis, care, or treatment of any person."
 {¶ 21} Grandview Hospital's liability for its alleged failure to diagnose and treat the impairment Mr. Beasley suffered as a proximate result of the alleged negligence of Whispering Meadows is a derivative claim that arises from medical care and treatment of Mr. Beasley by physicians admitted to practice at Grandview Hospital. The claim is therefore a "medical claim," R.C. 2305.113(E)(3)(a), and Nurse Matson is not competent to testify *Page 9 
on issues of liability other than one relating to a nurse's breach of the applicable duty of care in connection with the care and treatment Mr. Beasley received. Because the underlying issue of physician liability requires the expert testimony of a physician or surgeon,Bruni v. Tatsumi, and Plaintiff Daly lacks that evidence, the trial court properly granted summary judgment to Defendant Hess on a finding that Daly lacks evidence to prove the merits of the claims of the estate against Grandview Hospital.
 {¶ 22} The liability of Whispering Meadows is likewise a "medical claim" because it resulted from the training supervision, or retention by Whispering Meadows of the nurse or other employee that inserted Mr. Beasley's catheter in the course of the medical care and treatment Mr. Beasley received there. R.C. 2305.113(E)(3)(b)(ii). On this record, no claim of physician liability, primary or underlying, is made. Nurse Matson is competent to testify on the limited issue of nurse liability, Evid. R. 601(D), and if a nurse employed by Whispering Meadows was negligent, that liability is imputed to Whispering Meadows on a theory of respondeat superior for the undirected negligent act of its employee.American Insurance Group v. McCowin (1966), 7 Ohio App.2d 62. Therefore, the trial court erred when it granted summary judgment for Whispering Meadows on *Page 10 
a finding that Nurse Matson is not competent to testify.
 {¶ 23} The assignment of error is sustained with respect to the summary judgment for Whispering Meadows. It is overruled with respect to the summary judgment for Grandview Hospital. The case will be remanded to the trial court for further proceedings consistent with this opinion.
WOLFF, P.J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
William T. Daly, Esq.
Rick E. Marsh, Esq.
Douglas J. Schockman, Esq.
Monica L. Waller, Esq.
 Hon. John D. Schmitt *Page 1