[Cite as *Ndiaye v. Stahl*, 2022-Ohio-1523.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ALASSANE NDIAYE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29276 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-2743 |
| | : | |
| BRIAN STAHL, M.D. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of May, 2022.

. . . . . . . . . . .

ALASSANE NDIAYE, 9104 Rolling Green Trails, Miamisburg, Ohio 45342
    Plaintiff-Appellant

JOHN F. HAVILAND, Atty. Reg. No. 0029599 & KEVIN C. QUINLAN, Atty. Reg. No.
0092999, 6 North Main Street, Suite 400, Dayton, Ohio 45402
    Attorneys for Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant Alassane Ndiaye, acting pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which granted defendant-appellee Brian Stahl, M.D.'s motion for summary judgment. Ndiaye filed a timely notice of appeal on October 15, 2021.

{¶ 2} In December 2019, Ndiaye visited the office of Stahl regarding treatment for possible glaucoma in both of his eyes. Stahl is a board-certified ophthalmologist and surgeon specializing in LASIK and cataract surgery. Ndiaye later alleged in a pro se civil complaint that, during the course of treatment provided by Stahl, his right eye and the right side of his face were injured, and as a result, he has suffered great pain, sleeping disorders, and "irregular rapid heartbeat." Ndiaye's failed to attach an affidavit of merit pursuant to Civ.R. 10(D)(2) to his complaint.

{¶ 3} On August 4, 2021, Stahl filed a motion to dismiss Ndiaye's complaint because it was not accompanied by an affidavit of merit by a medical expert pursuant to Civ.R. 10(D)(2), and it failed to meet the notice pleading requirements of Civ.R. 8(A). In response to the motion to dismiss, Ndiaye filed over 200 pages of his medical records along with the following statement, "I cannot provide any expert [sic] of the current situation, that is why I have brought my previous medical records to show I have not had any previous issues with my eyes.

{¶ 4} On August 24, 2021, Stahl filed a motion to dismiss and a motion for summary judgment in which he argued that Ndiaye had produced no expert testimony that Stahl's conduct fell below the applicable standard of care. Stahl also argued that Ndiaye had admitted that he "cannot provide" the necessary expert testimony. On

September 10, 2021, Ndiaye filed a notice and affidavit in response to Stahl's pending motions to dismiss and for summary judgment. In his notice and affidavit, Ndiaye did not address his failure to produce an affidavit of merit by a medical expert pursuant to Civ.R. 10(D)(2). On September 23, 2021, the trial court granted Stahl's motion for summary judgment.[1] Ndiaye filed this appeal.

{¶ 5} On December 13, 2021, Ndiaye filed an appellate brief containing a narrative account of his negative experience being treated by Stahl. The appellate brief contained no assignments of error and otherwise failed to comply with App.R. 16(A) regarding the necessary requirements for an appellate brief. On January 6, 2022, Stahl filed a motion to dismiss Ndiaye's appeal pursuant to App.R. 16(A). On January 28, 2022, we issued a decision and entry overruling Stahl's motion to dismiss and ordering that Ndiaye's appellate brief be stricken. We provided Ndiaye with an opportunity to file a new brief that complied with the requirements of App.R. 16(A) within 30 days from the filing of our decision and entry. Ndiaye filed a new appellate brief on February 22, 2022.

{¶ 6} Ndiaye's appeal is now properly before this Court.

**Standard of Review**

{¶ 7} Appellate review of a trial court's ruling on a summary judgment motion is de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 38-42, citing *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841

---

[1] Notably, the trial court did not rule on Stahl's motion to dismiss before granting his motion for summary judgment on September 23, 2021. Accordingly, the motion to dismiss is presumed to have been denied. "Where, as here, a trial court proceeds to judgment without ruling on a pending motion, it is presumed the motion has been denied." *State v. Alltop*, 2d Dist. Montgomery No. 24324, 2011-Ohio-5541, ¶ 18.

(4th Dist.1997). De novo review " 'means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.' " *Riverside v. Ohio*, 2016-Ohio-2881, 64 N.E.3d 504, ¶ 21 (2d Dist.), quoting *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). On such review, we do not grant deference to the trial court's determinations. *Id.*

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988); *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher* at 292-293.

{¶ 9} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Id.*; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue

of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*; Civ.R. 56(C).

**Analysis**

**{¶ 10}** Here, we note that even after having provided Ndiaye with a second opportunity to file an appellate brief that complied with App.R. 16(A), he has again submitted a brief containing no assignments of error. Ndiaye's brief again consists of a narrative, personal account of his alleged negative experience being treated by Stahl. Ndiaye also accuses Stahl of falsifying his "records," forging his signature, paralyzing the right side of his face, causing the pupil in his right eye to become "unreactive," causing him long-term pain, and displaying false advertisements. In support of his allegations against Stahl, Ndiaye again cites to the medical records that he originally filed with the trial court.

**{¶ 11}** Ndiaye's brief is deficient in that it fails to substantially conform to the briefing requirements set forth in the Ohio Rules of Appellate Procedure and this court's Local Rules. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. Franklin No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b). Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*,

10th Dist. Franklin No. 16AP-766, 2018-Ohio-1065, ¶ 16.

{¶ 12} Ndiaye is proceeding pro se, but we note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " (Citation omitted.) *Dunina v. Stemple*, 2d Dist. Miami No. 2007-CA-9, 2007-Ohio-4719, ¶ 3. We cannot give Ndiaye special treatment in this appeal and craft arguments and assignments of error that he has failed to craft himself. Nevertheless, it is apparent from the record that only one issue could have been presented in this appeal, which is that the trial court erred when it granted Stahl's motion for summary judgment.

{¶ 13} As we previously stated, Ndiaye failed to file an affidavit of merit by a medical expert pursuant to Civ.R. 10(D)(2) with his complaint for medical malpractice. Civ.R. 10(D)(2) states:

(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D). Affidavits of merit shall include all of the following:

(i) A statement that the affiant has reviewed all medical records reasonably

available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

{¶ 14} "Clearly, the purpose behind the rule is to deter the filing of frivolous medical-malpractice claims. The rule is designed to ease the burden on the dockets of Ohio's courts and to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10. Here, Ndiaye failed to either submit an affidavit of merit or ask the court for an extension of time in which to file an affidavit. Consequently, he did not comply with Civ.R. 10(D)(2)'s requirements.

{¶ 15} The underlying issue of physician liability requires the expert testimony of a physician, surgeon, or ophthalmologist, and Ndiaye lacks that evidence by his own admission. In his notice and affidavit filed on September 10, 2021, Ndiaye even states that he consulted with a medical expert that his former attorney suggested, and the expert opined that Stahl had acted within the standard of care. Thus, the trial court properly granted summary judgment to Stahl. *See Daly v. Hess*, 2d Dist. Montgomery No. 22048, 2008-Ohio-2884, ¶ 21. In light of the foregoing, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Allassane Ndiaye
John F. Haviland
Kevin C. Quinlan
Hon. Mary L. Wiseman